UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES BRUCKMAN,<br><br>        Plaintiff,<br>v.<br><br>MARCUM, LLP,<br><br>        Defendant. | Civil Action No.<br><br><br>**COMPLAINT**<br><br>**CIVIL CASE NO: 1:18-CV-01776** |

**COMPLAINT**

Plaintiff Charles Bruckman ("Bruckman" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Marcum, LLP ("Marcum" or "Defendant") hereby alleges as follows:

**OVERVIEW**

1.  This is an action for accounting malpractice arising out of Marcum's provision of erroneous tax advice to Plaintiff in connection with the sale of Plaintiff's ownership interest in Injected Rubber & Plastics, Inc. ("Injected Rubber") in December 2016. Notably, Marcum has admitted to having provided this erroneous tax advice on no fewer than three separate occasions.

**THE PARTIES**

2.  Charles Bruckman is an individual residing in Marco Island, Florida who, at the time of the events giving rise to this cause of action, held an ownership interest in Injected Rubber, a private company specializing in the manufacture of rubber products.

3.  Marcum LLP is, upon information and belief, a Delaware limited liability partnership with its principal place of business at 750 Third Avenue, 11th Floor, New York, N.Y.

10017 that provides independent public accounting and advisory services to individuals and businesses across the Country.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because this is the District in which the Defendant maintains a principal place of business.

**FACTUAL BACKGROUND**

6. In 2016, Plaintiff engaged Marcum to prepare his taxes and advise Plaintiff regarding how to best minimize his tax obligation related to the sale of his ownership interest in Injected Rubber.

7. More specifically, in July of 2016, Plaintiff inquired of David St. Yves ("St. Yves"), a partner in Marcum's Assurance Department, as to the tax implications of a proposed transaction. Mr. Bruckman directly inquired if there was "anything we should know prior to finalizing this arrangement that would minimize taxes or costs?"

8. Plaintiff requested this advice from St. Yves so that he could structure the disposition of his ownership share in a way that would best minimize his tax liability.

9. Thereafter, St. Yves informed Plaintiff that "Lou [Balducci] and I are looking at the tax implications for both you as the seller and Marty and Nick as buyers to see what the [sic] happens in this transaction.  We will get back to you soon when we complete a few tax projections for this."

10. On November 16, 2016, Plaintiff followed-up with St. Yves, noting "I will need to know advice on what is the best way to handle this."

11. On November 17, 2016, St. Yves informed Plaintiff that, in the event Plaintiff sold his shares for $600,000, it would be treated as capital gain but since "you [Mr. Bruckman] current [sic] have around $1,000,000 of suspended S Corp losses that you have not been able to use. These suspended losses would offset the capital gain, **resulting in no tax on the $600,000. The best way for you therefore is to take the entire $600,000 as sale of your shares.**" (Emphasis supplied).

12. Relying upon Marcum's advice of zero tax consequence, Plaintiff entered into an agreement to sell his shares in Injected Rubber for a lump sum payment of $600,000.

13. In or around April of 2017, Marcum prepared Plaintiff's personal taxes for 2016. It was then that Marcum advised Plaintiff that it had provided faulty tax advice, and that Plaintiff actually had a tax liability of approximately $195,000 in connection with the sale.

13. More specifically, on April 6, 2017, approximately four (4) months after Plaintiff entered into the agreement to sell his ownership interest, St. Yves informed Plaintiff:

> **There is no easy way to say this**, but the results are that some of the S Corp income is taxable due to limitations on the use of the suspended losses and the entire gain on the sale of stock is taxed as capital gain. This results in taxes due for 2016 of around $161,000 for Federal and $34,000 for State.
>
> I am sure you will want to discuss all of this and I will need to coordinate the call with Dave as he fully understands what these issues are. [Emphasis supplied.]

14. Later that day, in a subsequent email, St. Yves admitted that Marcum was responsible for the erroneous advice, writing:

> **I understand your reaction.** As we were going through the process I relied on Lou [Balducci] to assist me to determine how all of this

3

would be treated.  As Dave become involved with this year's return, he determined that **Lou had misinterpreted some issues.  I know that I am ultimately responsible for what we tell you and I have no other way to say it, other than that we were wrong in saying the gain would be offset by the suspended losses.**  [Emphasis supplied.]

15.   Then, on or about April 26, 2017, Leslie Adler, Esq., general counsel for Marcum, wrote to Mr. Bruckman's then-attorney, acknowledging – for a third time – that Marcum had provided erroneous tax advice, noting "we regret that any inaccurate information was initially provided to Bruckman" and that the "imprecise statements" that were made by St Yves were "regrettable".

16.   Having relied upon Marcum's admittedly erroneous tax advice, Plaintiff ultimately paid approximately $195,000 in capital gains taxes as a result of his sale of his interest in Injected Rubber.

## FIRST COUNT

### (Professional Malpractice)

17.   Plaintiff repeats and re-alleges the allegations above as if fully set forth at length herein.

18.   As set forth above, Plaintiff engaged Marcum in July 2016 to advise as to the tax implications of a proposed transaction.  In particular, Mr. Bruckman directly inquired of St. Yves if there was "anything we should know prior to finalizing this arrangement that would minimize taxes or costs."

19.   Marcum agreed to render this advice.  And, on November 16, 2017, St. Yves advised Plaintiff that suspended S Corp losses would fully offset the capital gain resulting in no tax liability for Plaintiff upon the sale of his interest in Injected Rubber.

20. St. Yves further advised Plaintiff against taking any of the sale price in installments over time, since taking the entire $600,000 as a lump sum was the only way to utilize the suspended S Corp losses and incur no tax liability.

20. This advice was erroneous, as admitted to by Marcum on three separate occasions, and fell below the accepted standards of practice for professional accountants.

21. In reliance on Marcum's admittedly erroneous tax advice, in December 2016, Plaintiff entered into an agreement to sell his shares in Injected Rubber for a lump sum payment of $600,000.

22. Only after the sale agreement was finalized, and at that point many months later, was Plaintiff informed by Marcum that Marcum's tax advice had been wrong.

23. As a direct and proximate result of this admittedly erroneous tax advice, Plaintiff incurred, and paid, capital gain taxes for 2016 of approximately $195,000.

**WHEREFORE**, Plaintiff Charles Bruckman seeks judgment in its favor against Defendant as follows:

    A.    Awarding Plaintiff compensatory damages;

    B.    Awarding Plaintiff consequential and incidental damages;

    C.    Awarding Plaintiff punitive damages;

    D.    Awarding Plaintiff pre-judgment and post-judgment interest;

    E.    Awarding Plaintiff attorneys' fees and costs of suit; and

    F.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

                          Respectfully submitted,
                          Charles Bruckman

                          By his attorneys,

                          /s/ Samuel B. Santo, Jr.
Dated: February 27, 2018    Samuel B. Santo, Jr., Esq.
                          McCUSKER, ANSELMI, ROSEN &
                          CARVELLI, P.C.
                          805 Third Avenue, 12th Floor
                          New York, N.Y. 10022
                          (212) 308-0070
                          ssanto@marc.law